IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,153




EX PARTE ANTRONE LYNELL JOHNSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F-94-51874-J IN THE CRIMINAL DISTRICT COURT NO. 3
FROM DALLAS COUNTY




           Cochran, J., filed a concurring opinion.


OPINION

           I join the Court’s opinion. I write separately because many prosecutors, acting in all
good faith, may not realize that, under Brady,


 a prosecutor must always disclose information
that the complaining witness has recanted her allegations of sexual molestation (or any
criminal act) even when the defendant pleads guilty or has already agreed to plead guilty.
           In this case, applicant was charged with aggravated sexual assault of a child. The
prosecutor interviewed the complainant the day before the scheduled trial. At that time, she
told the prosecutor that there had been no sexual contact. The written notes in the
prosecutor’s file state: 
Met with C/W–her grandmother brought her in[.] CW says [Defendant]
Johnson did not make her give him oral sex–he took her into bathroom & she
told him she didn’t want to do it so he stayed in there & pretended & then let
her out.

The written notes also state that a D.A. investigator interviewed officials at the complainant’s
school five days before the trial. Those notes indicate that the complaining witness was “a
great liar”:
Ms. Harrison [the principal’s assistant] stated that [complainant] is a great liar. 
She stated she is Mr. Nance[’s] Asst. & he would be able to tell a lot[]. Spoke
with Mr. Nance he stated she is a great liar & if you really didn’t know her you
would think that she is telling the truth. He stated he knew bits & pieces about
this case. I ask him if he believed her. He said yes but she just got into
something over her head.

On the day of trial the complainant did not come to court. The Agreed Findings of Fact
signed by the habeas court state that the prosecution never informed applicant’s trial counsel
of these “exculpatory, mitigating, and impeaching facts.” 
           Applicant, without knowing of the complainant’s recantation, of her failure to appear
for trial, and of her school officials’ opinions that she is “a great liar,” agreed to plead guilty
and was placed on ten years’ deferred adjudication. He was later adjudicated and sentenced
to life in prison.



           The State has an affirmative duty to disclose all material exculpatory evidence to the
defense under Brady. We have previously held that this duty to disclose favorable
information extends to defendants who plead guilty as well as to those who actually go to
trial.


 However, in United States v. Ruiz,


 the United States Supreme Court held that neither
Brady nor the federal constitution require prosecutors to disclose impeachment information
prior to entering into a plea agreement with a defendant. Ruiz, by its terms, applies only to
material impeachment evidence, and the Supreme Court emphasized that the government
there had agreed to “provide ‘any information establishing the factual innocence of the
defendant’ regardless.”


 To establish a Brady claim in post-conviction proceedings, an
applicant must demonstrate that (1) the prosecution actively suppressed or failed to divulge
evidence; (2) that evidence was exculpatory, mitigating, or of impeachment value; and (3)
the evidence was material.


 Evidence is material only if there is a reasonable probability that,
had the evidence been disclosed to the defense, the result would have been different.


 
           In the context of a post-Ruiz guilty plea,


 the applicant for habeas corpus relief must
show that the evidence is actually exculpatory (not merely mitigating or of impeaching value)
because such evidence tends to support a claim of factual innocence.


 And the applicant
must also show, by a preponderance of the evidence, that, had this material exculpatory
evidence been divulged, he would not have entered a plea, but would have gone to trial
because of the objective likelihood of being found not guilty.


 
           Under Brady, all victim recantations are exculpatory and tend to show a defendant’s
lack of criminal culpability. Indeed, any assertion by a material witness that contradicts or
casts serious doubt upon the existence of an essential element of the offense is core Brady
exculpatory evidence that must be divulged to the defense regardless of whether the
defendant intends to plead guilty. Before trial, no one knows with certainty whether this
witness will testify to that exculpatory fact or testify to an inculpatory fact for which the
contrary assertion is impeachment material. Thus, despite Ruiz, the experienced prosecutor
will divulge all known facts and evidence that could be viewed as exculpatory material, even
when, for example, a recantation has been recanted.
           In this case, the State concedes that the complainant made a recantation the day before
trial. The parties agree that applicant’s counsel was never made aware of this fact. 
Testimony from the complainant that the offense never occurred and that applicant did not
molest her would be strong evidence of his factual innocence.


 Even if the complainant had
appeared for trial and testified that applicant molested her, evidence that she had, just the day
before trial, told the prosecutor that he had not done so would be powerful exculpatory
evidence as well as impeachment evidence of her credibility. Trial counsel stated that, had
he been aware of the recantation, he never would have “pleaded [applicant] guilty” because,
armed with this recantation evidence, he believed that he could have “won” the case. The
State does not disagree with any of these facts.


 The trial judge recommends that applicant
be granted relief on his Brady claim, and the record supports the trial judge’s factual findings
as well as his recommendation to grant relief.
Filed: May 20, 2009
Do not Publish